UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INVERSORA MURTEN, S.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENERGOPROJEKT HOLDING COMPANY, )<br>)<br>Defendant. )<br>) | Case No. 1: 03-MS-00073-UNA-JMF |

## MOTION FOR RULE 11 SANCTIONS

The International Bank for Reconstruction and Development ("IBRD") and the International Development Association ("IDA") (collectively, the "World Bank" or "Bank") respectfully move this Court for an order awarding reasonable attorneys' fees and costs against Plaintiff Inversora Murten ("Plaintiff") and its counsel pursuant to Federal Rule of Civil Procedure 11.

A reasonable pre-filing inquiry in this case would have revealed that Plaintiff's Writ of Attachment and Motion To Enter Judgment Against Garnishee For Failure To Answer Interrogatories were not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law. See Fed. R. Civ. P. 11(b)(2). In particular, at the time Plaintiff sought its Writ of Attachment, there was controlling authority in this Circuit squarely holding that the World Bank is immune from such writs under the International Organizations Immunities Act, 22 U.S.C. § 288a(b), and its Articles of Agreement. See Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998). In addition, immediately upon receiving Plaintiff's Writ, the World Bank sent to Plaintiff's counsel a detailed letter setting forth the World Bank's immunity from attachment and garnishment proceedings, including citation to the

Atkinson decision. See Letter from P. Beauregard to J. Schuyler (March 18, 2003) (attached hereto as Exhibit 1). Nonetheless, nearly one year later, Plaintiff proceeded to file its Motion.

Moreover, a reasonable pre-filing inquiry would have revealed that there was no factual basis for Plaintiff's Writ and Motion. See Fed. R. Civ. P. 11(b)(3). In particular, had Plaintiff conducted even a cursory examination of the very websites on which it relied in its Motion, it would have discovered that the World Bank does not possess any accounts belonging to the Defendant.

Accordingly, pursuant to Rule 11(c), the World Bank respectfully moves this Court for an order awarding it attorneys' fees and costs associated with the preparation and filing of its Opposition to Plaintiff's Motion.

The grounds supporting this motion are more fully set forth in the accompanying Memorandum.

A proposed order is attached to this motion.

Respectfully submitted,

*[signature]*

Griffith L. Green (#456442)
Brian T. Fitzpatrick (#481397)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
E-mail: ggreen@sidley.com

Counsel for International Bank for
Reconstruction & Development and
International Development Association

Dated: March 29, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INVERSORA MURTEN, S.A., )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>ENERGOPROJEKT HOLDING COMPANY, )<br>)<br>Defendant. )<br>) | Case No. 1: 03-MS-00073-UNA-JMF |

### MEMORANDUM OF LAW IN SUPPORT OF THE WORLD BANK'S MOTION FOR RULE 11 SANCTIONS

The International Bank for Reconstruction and Development ("IBRD") and the International Development Association ("IDA") (collectively, the "World Bank" or "Bank") respectfully move this Court for an order awarding reasonable attorneys' fees and costs against Plaintiff Inversora Murten ("Plaintiff") and its counsel pursuant to Federal Rule of Civil Procedure 11.

### BACKGROUND

On September 28, 1995, Plaintiff Inversora Murten sued Defendant Energoprojekt Holding Company in United States District Court for the District of New Jersey for fraud and breach of contract in connection with a failed joint venture in the Republic of Guinea. On September 4, 1996, the court entered a default judgment in Plaintiff's favor in the amount of $38,750,000. Nearly seven years later, on February 26, 2003, Plaintiff caused the clerk of this Court to issue a Writ of Attachment to the "World Bank Group" ("Writ") purporting to seize any property in its possession that belonged to the Defendant.

On March 18, 2003, Plaintiff's counsel delivered the Writ to the World Bank along with interrogatories asking the World Bank to disclose any property or debts of the Defendant in its possession. That very day, the World Bank responded by letter to Plaintiff's counsel and informed Plaintiff that it would not make the requested disclosures because it was immune from attachment proceedings under both the International Organizations Immunities Act, 22 U.S.C. § 288a(b), and its Articles of Agreement. See Letter from P. Beauregard to J. Schuyler (March 18, 2003) (citing Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998)) (attached hereto as Exhibit 1).

Plaintiff did not respond to the World Bank's letter. Instead, nearly one year later, on January 23, 2004, it filed in this Court a Motion To Enter Judgment Against Garnishee For Failure to Answer Interrogatories ("Motion"). In this Motion, Plaintiff asked this Court to enter judgment against the World Bank for almost $39 million for failing to answer its interrogatories.[1] The World Bank filed an opposition to this Motion on February 19, 2004.

## ARGUMENT

Federal Rule of Civil Procedure 11 requires an attorney who presents any document to this Court to certify that, inter alia, "to the best of the person's knowledge, information, and belief," (i) the "claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," Fed. R. Civ. P. 11(b)(2), and (ii) "the allegations and other factual contentions have evidentiary support," Fed. R. Civ. P. 11(b)(3). This Court judges the attorney's conduct by "an objective standard of reasonableness under the

---

[1] Plaintiff's Motion was not accompanied by a supporting memorandum, in violation of Local Rule 7(a). In addition, Plaintiff's Motion was not filed by an individual admitted to practice before this Court, in violation of Local Rule 83.2(c)(1).

circumstances." E.g., Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1229 (6th Cir. 1989) (internal quotation marks omitted); accord Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." (internal quotation marks and citations omitted)).

If, after notice and a reasonable opportunity to respond, this Court determines that Rule 11(b) has been violated, it has discretion to impose sanctions on the parties, attorneys, and law firms responsible for the violation. Fed. R. Civ. P. 11(c); see also Hilton Hotels Corp. v. Banov, 899 F.2d 40 (D.C. Cir. 1990) (affirming imposition of attorney's fees for Rule 11 violation). The sanctions that are imposed should be sufficient to deter the offender from engaging in similar conduct in the future, and may include an order directing payment to the moving party of the reasonable attorney's fees and other expenses incurred as a direct result of the violation. Fed. R. Civ. P. 11(c)(2).

In this case, Plaintiff's Writ and Motion violated Rule 11 in two ways. First, the D.C. Circuit squarely held in its 1998 Atkinson decision that the World Bank is immune under both the IOIA and its Articles of Agreement from attachment and garnishment proceedings such as this one initiated by Plaintiff. The World Bank brought this fact to the attention of Plaintiff's counsel nearly one year before Plaintiff filed its Motion, but to no avail. Second, even a minimal pre-filing investigation would have revealed that the World Bank was not the proper target of Plaintiff's Writ and Motion because it does not hold any funds belonging to the Defendant.

I.  **PLAINTIFF'S WRIT AND MOTION WERE DEVOID OF ANY LEGAL BASIS BECAUSE THE D.C. CIRCUIT HAS SQUARELY HELD THAT THE WORLD BANK IS IMMUNE FROM GARNISHMENT PROCEEDINGS.**

This Court should award sanctions in the amount of attorneys fees and expenses against both Plaintiff and its counsel for filing a lawsuit for which there was no legal basis. It is well established that the World Bank, and its officers and employees, are immune from attachment and garnishment proceedings under the International Organizations Immunities Act, 22 U.S.C. § 288a(b),[2] and under its Articles of Agreement.[3] The D.C. Circuit squarely held as much in Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998).

In Atkinson, a judgment creditor was attempting to garnish the wages of an employee of another international organization, the Inter-American Development Bank ("IADB").[4] Id. at 1336. The judgment creditor sought a declaratory judgment from this Court that the IADB was not immune from garnishment proceedings pursuant to D.C. Code § 16-501, et seq., id. at 1336-37, precisely the same provisions of the D.C. Code under which Plaintiff obtained its Writ and on which it based its Motion, see Affirmation of Jon Schulyer ¶ 18 (January 20, 2004) ("Affirmation"). This Court dismissed the declaratory judgment action, and the Court of Appeals affirmed. 156 F.3d at 1336. The D.C. Circuit held that "[t]he IOIA speaks in terms of 'immunity from suit and every form of judicial process,'" and that "the plain language" of this provision included D.C. garnishment proceedings. Id. at 1339.

---

[2] The World Bank has been designated as an "international organization" by Executive Order, entitling it and its officers and employees to the privileges and immunities provided by the IOIA. See No. 9751, 11 Fed. Reg. 7713 (1946) (IBRD); Exec. Order No. 11966, 42 Fed. Reg. 4331 (1977) (IDA).

[3] See 16 U.S.T. 1942, T.I.A.S. No. 5929; 22 U.S.C. § 286h (incorporating IBRD's Articles into federal law); 22 U.S.C. § 284g (incorporating IDA's Articles into federal law).

Plaintiff in this case sought garnishment of World Bank accounts under the exact same provisions that were squarely addressed in <u>Atkinson</u>.[5] Moreover, Plaintiff has not set forth any well-founded argument for the modification or reversal of <u>Atkinson</u>. Consequently, Plaintiff's Writ and Motion were not "warranted under existing law" and, therefore, violated Rule 11(b)(2). Indeed, given that there is a case from this jurisdiction that is directly on point, it is difficult to imagine an instance where an award of fees and costs under Rule 11 would be more justified. See <u>Brubaker</u> v. <u>City of Richmond</u>, 943 F.2d 1363, 1373 (4th Cir. 1991) ("[A] legal position violates Rule 11 if it has absolutely no chance of success under the existing precedent."). In addition, the fact that the World Bank brought the <u>Atkinson</u> decision to Plaintiff's attention nearly one year before it filed its Motion strongly suggests that Plaintiff was not merely negligent, but that it filed its Motion for an "improper purpose, such as to harass or to cause . . . needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1).

## II. PLAINTIFF'S WRIT AND MOTION WERE DEVOID OF ANY FACTUAL BASIS AS EVEN THE MOST CURSORY PRE-FILING INVESTIGATION WOULD HAVE REVEALED.

Plaintiff argued that the World Bank was the proper target of its Writ by reference to a page from the World Bank's website, which Plaintiff claims shows that the World Bank "awarded" one contract to an entity affiliated with the Defendant. See Affirmation ¶ 17. Had

---

[4] The relevant language in the international agreement establishing the IADB is identical to that in the World Bank's Articles of Agreement. See <u>Atkinson</u>, 156 F.3d at 1338.

[5] Indeed, the World Bank's claim to immunity is even stronger in this case than was the IADB's claim in <u>Atkinson</u> because, not only is the World Bank immune under the IOIA and its Articles of Agreement, but it is immune under the Foreign Sovereign Immunities Act as well. See 28 U.S.C. § 1611(a) ("[T]he property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the [IOIA] <u>shall not be subject to attachment or any other judicial process impeding the disbursement of funds to . . . a foreign state</u> as a result of an action brought in the courts of the United States." (emphasis added)).

Plaintiff examined this webpage in even the most cursory fashion, however, it would have discovered that the World Bank did not "award" any such contract to the Defendant.

This very same webpage shows that the contract identified by Plaintiff was part of the "Nigerian Federal Transmission Development Project." This webpage also has a link that takes the user to another page that explains (i) that the Transmission Development Project is a development project being undertaken by the Federal Republic of Nigeria; (ii) that the IDA loaned money to the government of Nigeria to fund the project; and (iii) that contracts under the project are awarded by the Nigerian Ministry of Power & Steel's National Electric Power Authority, not by the World Bank.[6]

Plaintiff's failure to read the webpage it relied on as well as its failure to connect to the linked page and read it are gross violations of the Rule 11(b)(3) obligation to conduct "an inquiry reasonable under the circumstances" in order to certify that "allegations and other factual contentions have evidentiary support." See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1230 (6th Cir. 1989) (awarding fees under Rule 11(b)(3) where "[a] telephone call or letter . . . would have disclosed the true facts").

### III. AN AWARD OF ATTORNEYS' FEES AND COSTS IS WARRANTED.

For the reasons stated above, this court should impose sanctions in this case. Although Rule 11 sanctions are to be imposed with caution, an award of costs and fees is appropriate here to deter Plaintiff, and those similarly situated, from burdening the Court with frivolous claims. See Fed. R. Civ. P. 11(c)(2). In determining whether to impose sanctions, the court may consider, inter alia, the following factors: whether the challenged misconduct affected

---

[6] See The World Bank Group, Transmission Development Project, at http://web.worldbank.org/external/projects/main?menuPK=228424&theSitePK=40941&pagePK=104231&piPK=73230&Projectid=P072018 (last updated Feb. 19, 2004) (attached hereto as Exhibit 2).

the entire pleading, or only one particular count or defense and the effect the misconduct had on the litigation process in time or expense. See Fed. R. Civ. P. 11, Advisory Committee Notes.

Applying the above factors, sanctions are appropriate in the present case. Plaintiff's Writ and Motion are wholly groundless. As a result, the misconduct in this case has infected the entire garnishment proceeding, and has been the direct cause of all the expenses incurred by the World Bank in defending this case. In short, the failure to comply with basic Rule 11 standards of legal analysis and factual inquiry prior to the filing of the Writ and Motion has caused the World Bank to incur the unnecessary expense of appearing and opposing Plaintiff's Motion to enter judgment against it. Appropriate sanctions should include an award of the reasonable attorneys' fees and expenses incurred by the World Bank.[7] See Jackson, 875 F.2d at 1231-32 (awarding fees under Rule 11 where "[t]he slightest research would have revealed that Jackson did not have a cause of action" and "[a] telephone call or letter . . . would have disclosed the true facts").

---

[7] The fees and expenses incurred by the World Bank in connection with this litigation are itemized in the Affidavit of Griffith Green (attached hereto as Exhibit 3).

## CONCLUSION

For the reasons stated above, the World Bank respectfully moves this Court to award attorneys fees and costs, jointly and severally, against Plaintiff and its counsel.

Respectfully submitted,

_____
Griffith L. Green (#456442)
Brian T. Fitzpatrick (#481397)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
E-mail: ggreen@sidley.com

Counsel for International Bank for
Reconstruction & Development and
International Development Association

Dated: March 29, 2004

## **CERTIFICATE OF SERVICE**

I, Brian T. Fitzpatrick, hereby certify that on the 1st of March, 2004, I caused an unsigned copy of the foregoing, and on this 29th day of March, 2004, I caused a true and correct copy of the foregoing, to be served by overnight commercial delivery upon the following:

>Jon Schuyler Brooks
>Ruskin Moscou Faltischek, P.C.
>East Tower, 15th Floor
>190 EAB Plaza
>Uniondale, NY 11556-0190

_____
Brian T. Fitzpatrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INVERSORA MURTEN, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1: 03-MS-00073-UNA-JMF |
| ) | |
| ENERGOPROJEKT HOLDING COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Upon consideration of the World Bank's Motion for Rule 11 Sanctions it is hereby

ORDERED that the Motion is **GRANTED**; and it is further

ORDERED that Plaintiff and his counsel shall pay to the World Bank attorneys' fees and expenses in the amount of $_____.

IT IS SO ORDERED.

_____        _____
DATE                                                          UNITED STATES DISTRICT JUDGE