UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INVERSORA MURTEN, S.A.,

   **Plaintiff,**

   v.                                                                Misc. Action No. 03-73 (JMF)

ENERGOPROJEKT HOLDING COMPANY,

   **Defendant.**

### REPORT AND RECOMMENDATION

Currently before me and ready for resolution is plaintiff's <u>Notice of Motion to Enter Judgment Against Garnishee for Failure to Answer Interrogatories</u> ("Plains. Mot."). For the reasons stated below, I recommend that plaintiff's motion be denied.

### INTRODUCTION

On September 28, 1995, Inversora Murten, S.A. ("plaintiff") sued Energoprojekt Holding Company ("defendant") for fraud and breach of contract in the United States District Court for the District of New Jersey. Plains. Mot., Exhibit A; <u>Opposition of International Bank for Reconstruction and Development and International Development Association to Plaintiff's Motion to Enter Judgment Against Garnishee</u> ("WB's Opp."), Exhibit 1. On September 3, 1996, that court entered a default judgment against defendant for $38,750,000. <u>Id.</u> On February 14, 2003, the court certified that no appeal had been filed. <u>Id.</u>, Exhibit B. On February 26, 2003, the Certification of Judgment was entered in this court and a Writ of Attachment on Judgment was issued by this court and served on the World Bank Group[1] ("World Bank" or "the Bank"). <u>Id.</u> at

---

[1] The "World Bank Group" is a blanket term for five closely associated international organizations, including the International Bank for Reconstruction and Development ("IBRD")

2-3. Attached to the writ were two interrogatories. Id., Exhibit E. On March 18, 2003, the World Bank replied to plaintiff by letter, stating that it would not answer the interrogatories or disclose the requested information because it was immune to garnishment proceedings. Id., Exhibit G. On January 20, 2004, plaintiff moved this court for a judgment against the Bank for its failure to answer the interrogatories.

Under District of Columbia law, a garnishee's failure to answer interrogatories may cause the garnishee to be liable for the entire amount of the judgment:

> When the garnishee has failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, judgment shall be entered against him for the whole amount of the plaintiff's claim, and costs, and execution may be had thereon.

D.C. Code § 16-526(b).[2]

Under Rule 69 of the Federal Rules of Civil Procedure, such a state statute may be used to enforce the judgment of another United States District Court. But, it is the law of this Circuit that the entities that make up the World Bank Group are absolutely immune from the garnishment proceedings provided by the D.C. Code. Atkinson v. Inter-American Development Bank, 156 F.3d 1335, 1339-42 (D.C. Cir. 1998). The Bank should be deemed to have waived that immunity only if the court concludes that allowing the particular lawsuit against the Bank is necessary to "further the Bank's objectives." Id.; Mendaro v. World Bank, 717 F.2d 610, 618 (D.C. Cir. 1983). Plaintiff tries to invoke this principle by insisting that the World Bank

---

and the International Development Association ("IDA"). Both the IBRD and IDA are implicated in this lawsuit.

[2] All references to the authorities cited are to the authorities as they appear in Westlaw and Lexis.

supervises the procurement process in demanding detail, to insure the integrity of contractors who are paid by funds made available to them by the World Bank. It then reasons that:

> Garnishment proceedings such as this one further these procurement-related objectives of the World Bank by bringing to its attention information that relates directly to either fraudulent practices by or changed financial circumstances of contractors on its projects. These garnishment proceedings further those objectives also by deterring potential bidders from passively withholding or actively misrepresenting information about their litigation histories and financial resources.
>
> Equally important, by furthering the procurement objectives of the World Bank, these garnishment proceedings provide an additional corresponding benefit: they enhance the "ability [of the World Bank] to raise financial resources from its member countries and in the capital markets. Procurement Manual, § 1 at p.1.

<u>Reply Memorandum in Support of the Motion of Plaintiff to Enter Judgment Against Garnishee, the World Bank Group, for Failure to Answer Interrogatories</u> at 21.

But, plaintiff completely misunderstands the purpose behind the garnishment proceedings and its arguments are, in any event, *non sequitur*. D.C. Code § 16-526(b) requires garnishees to answer interrogatories at the risk of paying the judgment if they do not. Thus, the garnishee is providing information, not receiving it. While one supposes that the World Bank learns of the judgment rendered against a contractor when the interrogatories are propounded, nothing on earth prevents the party that successfully sued the contractor from providing the information about the lawsuit (and the contractor's improper behavior) to the World Bank without invoking garnishment proceedings.

Additionally, the knowledge that a judgment creditor may propound interrogatories to the Bank about (1) whether it was indebted to Energoprojekt Holding Company and (2) whether it

had any "goods, chattels, or credits" of that company in its possession[3] may or may not make other contractors more honest in their dealings with third parties like plaintiff. Doing so provides a benefit to those third parties; it provides no direct benefit to the Bank and it surely cannot be said that answering such interrogatories is necessary to the furtherance of the Bank's objectives.

Finally, if Atkinson teaches that the World Bank's being subject to garnishment proceeding does not further its objectives, then, *a fortiorari*, having judgment entered against it for $38,750,000 for not answering questions during a garnishment proceeding surely does not either.

I appreciate that plaintiff makes much of the Bank's "arrogance" in replying by letter to the writ of attachment and the interrogatories as opposed to seeking court relief by moving to quash. But, as the Bank points out, immunity is immunity from the litigation process, not its result and conclusion. Kilburn v. Socialist People's Libyan Arab Jamahiriya and Libyan External Security Organization, No. 03-7117, slip op. at 4-5 (D.C. Cir. July 30, 2004); Foremost McKesson Inc. v. Islamic Republic of Iran, 905 F.2d 438, 443 (D.D.C. 1990); Mitchell v. Forsyth, 472 U.S. 511, 526-527 (1990). Immunity is cold comfort if, to get it, one would have to spend money and go to court. Furthermore, plaintiff would have to admit that, if the shoe was on the other foot, and the Bank had started the lawsuit, the result would have been exactly the same. To impose a judgment for $38,750,000 on a party who announced its position that it was immune by letter rather than moving to quash when either would have reached the same result is hopelessly unjust.

It is clear to me that the World Bank has not waived its immunity and plaintiff's motion

---

[3] WB's Opp., Exhibit E.

4

should be denied.  I so recommend.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

August 6, 2004