**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INVERSORA MURTEN, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1: 03-MS-00073-UNA-JMF |
| ) | |
| ENERGOPROJEKT HOLDING COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RESPONSE OF INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT AND INTERNATIONAL DEVELOPMENT ASSOCIATION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FACCIOLA**

Plaintiff Inversora Murten, S.A., has filed objections ("Objections") to Judge Facciola's August 6, 2004, Report and Recommendation ("Report") to dismiss Plaintiff's Motion to Enter Judgment against the International Bank for Reconstruction and Development ("IBRD") and the International Development Association ("IDA") (collectively, the "World Bank" or "Bank"). These objections are without merit for the reasons set forth below.

1. Plaintiff asserts that Judge Facciola ignored the mandatory language of the District of Columbia garnishment statute by refusing to enter judgment against the World Bank in this case. See Objections at 3. This objection is beside the point. As even Plaintiff acknowledges, see id., local statutes regarding seizure of property, such as D.C. Code § 16-526(b), are not applicable in federal court when provisions of the United States Code are to the contrary. See Fed. R. Civ. P. 64 (making state seizure laws applicable "subject to the following qualifications: (1) any existing statute of the United States governs the extent to which it is applicable"); Fed. R. Civ. P. 69(a) (making state execution procedures applicable "except that

any statute of the United States governs to the extent that it is applicable"). As Judge Facciola explained, a statute of the United States—the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a(b)—confers immunity on the World Bank from garnishment proceedings. See Report at 2-4. Thus, D.C. Code § 16-526(b)—however Plaintiff thinks it should be construed—is without force.[1]

        2. Plaintiff argues that Judge Facciola erred in holding the World Bank immune from Plaintiff's garnishment proceedings. See Objections at 4-7, 8-9. This argument is without merit. By its plain terms, the IOIA grants the World Bank immunity from "every form of judicial process." 22 U.S.C. § 288a(b). The D.C. Circuit has already held that "every form of judicial process" includes the same garnishment proceedings pursuant to D.C. Code §§ 16-501, et seq., that Plaintiff invokes here. See Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335, 1339-42 (D.C. Cir. 1998).[2]

        Plaintiff acknowledges Atkinson, but argues that, in its Articles of Agreement, the World Bank waived its IOIA immunity. See Objections at 5-6, 8-9. Under D.C. Circuit

---

[1] Plaintiff's argument that D.C. Code § 16-526(b) requires a court to enter judgment against a party whenever it declines to answer interrogatories is contradicted by D.C. cases holding that a court need not enter judgment if the party can show good cause for declining to do so. See, e.g., Wrecking Corp. of Am., Va., Inc. v. Jersey Welding Supply, Inc., 463 A.2d 678, 680 (D.C. 1983) (finding cause shown). There can be no question that the jurisdictional immunities conferred on the World Bank by federal law constitute good cause for declining to answer Plaintiff's interrogatories. Cf. Aurora Nat'l Bank v. Simpson, 454 N.E.2d 1132, 1134-38 (Ill. App. Ct. 1983) (holding that sovereign immunity precludes a court from entering judgment against a state agency for failing to answer garnishment interrogatories).

[2] Plaintiff appears to argue that Atkinson is distinguishable on this point because, in that case, the judgment creditor sought to garnish wages, while, in this case, Plaintiff seeks to garnish "other property." Objections at 6. Plaintiff does not, however, attempt to explain its untenable position that one form of garnishment constitutes a "form of judicial process" and another form of garnishment does not. In fact, every form of garnishment — in which judicial power is exercised over the garnishee — is obviously a "form of judicial process."

precedent, however, the World Bank's Articles of Agreement waive the World Bank's immunity only for a narrow class of suits in which "an insistence on immunity would actually prevent or hinder the organization from conducting its activities." Mendaro v. The World Bank, 717 F.2d 610, 617 (D.C. Cir. 1983). Not only should "the Bank's immunity . . . be construed as not waived unless the particular type of suit would further the Bank's objectives," Atkinson, 156 F.3d at 1338 (emphases omitted), but it is not waived unless the World Bank "would have to subject itself to [the] suit in order to achieve its chartered objectives." Mendaro, 717 F.2d at 615 (emphasis added).

In Atkinson, the D.C. Circuit went on to hold that garnishment proceedings fail this stringent test. See Atkinson, 156 F.3d at 1338-39 (holding that, because the "waiver of immunity from garnishment proceedings . . . provides no conceivable benefit," let alone benefits that outweigh the costs, "Section 3 of the agreement should not be construed to waive the Bank's immunity"). Plaintiff argues that Atkinson is distinguishable because, there, a creditor had sought to garnish monies owed to an employee of the World Bank, whereas, here, Plaintiff seeks to garnish monies owed to a company that did business with a member nation who borrowed funds from the Bank. See Objections at 5-7. On this basis alone—the identity of the party indebted to the judgment creditor—Plaintiff argues that the World Bank's Articles of Agreement should be construed to waive its immunity from garnishment proceedings. For two separate reasons, Plaintiff's argument is meritless.

First, this Court has already decided that, just as international organizations have not waived their immunity from suits brought by entities that do business with their employees, they also have not waived their immunity from suits brought by entities that do business with their member nations. See Atlantic Tele-Network, Inc. v. Inter-American Dev. Bank, 251

F. Supp. 2d 126, 132 (D.D.C. 2003) (finding immunity because, "were this suit to be allowed, virtually any U.S. citizen with a commercial grievance against a debtor nation could challenge [a] loan to that nation without any 'corresponding benefit' accruing thereby to the [international organization] whatsoever"). This holding was recently reaffirmed in <u>Pardy</u> v. <u>Republic of Georgia</u> No. 03-942 (CKK) (D.D.C. March 18, 2004) (attached as Ex. A to World Bank's Surreply to Plaintiff's Reply Brief on Its Motion to Enter Judgment Against Garnishee), where this Court held that the World Bank was immune from a suit attempting to collect on a contract between a consultant and a member nation.  In this case, Plaintiff does not even allege it is a creditor of a member nation.  Rather it alleges that it is a creditor of a company that did business with a member nation.  Plaintiff's Writ and Motion, therefore, are even one step more removed than were the suits in <u>Atlantic Tele-Network</u> and <u>Pardy</u>.  The D.C. Circuit has observed that the World Bank waives its immunity only where it has <u>directly</u> transacted with the suing party.  <u>See</u> <u>Dujardin</u> v. <u>International Bank for Reconstruction & Dev.</u>, No. 00-7206, 2001 WL 584173, at **1 (D.C. Cir. May 22, 2001) ("The World Bank . . . has waived its immunity from suit brought by <u>its</u> debtors, creditors, [and] bondholders." (emphasis added)).  Plaintiff is not a debtor, creditor, or bondholder of the World Bank.  Indeed, Plaintiff has not alleged that it has ever directly entered into any sort of agreement with the World Bank.

        Second, every aspect of the D.C. Circuit's reasoning in <u>Atkinson</u> applies with equal force to garnishment proceedings commenced by those who do business with the contractors hired by member nations.  In <u>Atkinson</u>, the D.C. Circuit held that it was not necessary to its mission for an international organization to subject itself to proceedings seeking to garnish monies owed an employee because such suits, rather than help the organization attract talented employees, would make prospective employees "worse off, not better off."  156 F.3d at

1338.  Of course, precisely the same can be said of Plaintiff's Writ and Motion:  if the World Bank were forced to garnish monies owed to contractors hired by member nations, those entities would be made "worse off, not better off," thereby making it more difficult to attract members to borrow from the World Bank.

Plaintiff argues that the World Bank is made better off by subjecting it to garnishment proceedings because it will learn of misconduct on the part of the companies that do business with member nations, and the threat of communicating this information will encourage companies to be more honest in their dealings with the World Bank.  See Objections at 9.  But the World Bank does not have dealings with companies that do business with member nations.  Moreover, Plaintiff's premise is flawed.  A company might default or confess to a judgment purely for economic reasons and not necessarily because of misconduct.  Furthermore, as Judge Facciola found, nothing prevents Plaintiff from providing this information to the World Bank outside garnishment proceedings, and, certainly, nothing prevents Plaintiff from providing this information without trying to make the World Bank pay a $39 million judgment defaulted by such a company, as Plaintiff seeks to do in this case.  See Report at 3-4.  Finally, Plaintiff's argument that the waiver test "does not require that the lawsuit be the exclusive means of providing the benefit" to the World Bank is simply a misstatement of law.  The World Bank's Articles do not waive its immunity unless it "would have to subject itself to [the] suit in order to achieve its chartered objectives."  Mendaro, 717 F.2d at 615 (emphasis added).  Thus, if the Bank could achieve the same benefits without being subjected to garnishment, then, quite clearly, the Bank does not "have" to subject itself to suit in order to achieve its chartered objectives.

3. Plaintiff argues that the World Bank waived its immunity from garnishment proceedings because it did not "seek judicial determination" that it need not answer Plaintiff's interrogatories before declining to do so. Objections at 7-8. Plaintiff therefore believes that this Court should enter judgment against the World Bank for nearly $39 million simply because the "judicial determination" of its immunity is occurring on Plaintiff's motion to enter judgment instead of on a motion by the Bank to quash the interrogatories. Plaintiff does not cite any precedent for this incredible proposition because there is none. As Judge Facciola explained, "[t]o impose a judgment for $38,750,000 on a party who announced its position that it was immune by letter rather than by moving to quash when either would have reached the same result is hopelessly unjust." Report at 4. The <u>entire purpose</u> of immunity from suit is to relieve the immune party from being hauled into court to endure the "attendant burdens of litigation"— immunity is "not just a defense to liability on the merits." <u>Foremost-McKesson, Inc.</u> v. <u>Islamic Republic of Iran</u>, 905 F.2d 438, 443 (D.D.C. 1990) (internal quotation marks omitted). These "burdens of litigation" include, among other things, having to participate in discovery, such as answering Plaintiff's interrogatories. <u>See</u> <u>Mitchell</u> v. <u>Forsyth</u>, 472 U.S. 511, 526-27 (1985); <u>Atkinson</u>, 156 F.3d at 1339 (observing that the "inconvenience, hazards, or expense" of "defending . . . garnishment proceedings and complying with garnishment orders" would be considerable, perhaps even "fatal to the public service" (internal quotation marks omitted)). The immunities from garnishment proceeding conferred on the World Bank by federal law clearly constitute good cause for declining to answer Plaintiff's interrogatories. <u>Cf</u>. <u>Aurora Nat'l Bank</u> v. <u>Simpson</u>, 454 N.E. 2d 1132, 1134-38 (Ill. App. Ct. 1983) (holding that sovereign immunity precludes a court from entering judgment against a state agency for failing to answer garnishment interrogatories). Thus, Judge Facciola did not err in concluding that the World

Bank had no obligation to respond to Plaintiff's interrogatories, whether by a motion to quash or otherwise.

## CONCLUSION

As recommended by Judge Facciola, this Court should deny Plaintiff's Motion to Enter Judgment against the World Bank.

Respectfully submitted,

/s/ Brian Fitzpatrick
Griffith L. Green (#456442)
Brian T. Fitzpatrick (#481397)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
(202) 736-8711 (fax)
E-mail:  ggreen@sidley.com

Counsel for Defendants International
Bank for Reconstruction & Development
and International Development Association

Dated:  October 1, 2004

## CERTIFICATE OF SERVICE

I, Brian T. Fitzpatrick, hereby certify that on this 1st day of October, 2004, I caused a true and correct copy of the foregoing to be served by United States mail, postage pre-paid, upon the following:

>Jon Schuyler Brooks
>Ruskin Moscou Faltischek, P.C.
>East Tower, 15th Floor
>190 EAB Plaza
>Uniondale, NY 11556-0190

>/s/ Brian Fitzpatrick
>Brian T. Fitzpatrick