UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

INVERSORA MURTEN, S.A.,       )
                              )
         Plaintiff,           )
                              )
    v.                        )     Misc. Action No. 03-73 (RWR)
                              )
ENERGOPROJEKT HOLDING CO.,    )
                              )
         Defendant.           )

---

### MEMORANDUM OPINION AND ORDER

Inversora Murten, S.A. ("Inversora"), after initiating proceedings for attachment in aid of execution of a default judgment issued by the United States District Court for the District of New Jersey against Energoprojekt Holding Company ("Holding"), filed a motion for default judgment against an intended garnishee, World Bank Group ("World Bank"), for failure to respond to interrogatories. Magistrate Judge John M. Facciola has recommended that Inversora's motion for default judgment be denied. Inversora, seeking permission to late-file, has submitted objections to the report and recommendation. The World Bank does not oppose the late-filing, supports the conclusion of the report and recommendation, and has filed a motion for sanctions against Inversora. Because Magistrate Judge Facciola's recommendation is fully supported in law and Inversora's objections are without merit, the recommendation will be adopted and the motion for default judgment will be denied. Because the

-2-

World Bank did not comply with the requirements of Federal Rule of Civil Procedure 11(c)(1)(A), its motion for sanctions will be denied.

BACKGROUND

Inversora sued Holding for fraud and breach of contract in the United States District Court for the District of New Jersey, and obtained a default judgment in the amount of $38,750,000. Inversora obtained a writ of attachment from this court that was delivered with interrogatories to the World Bank.  The same day, the World Bank sent a letter to Inversora explaining that it enjoyed immunity from the garnishment proceedings, was not waiving its immunity in this case, and therefore would not respond to the interrogatories.  (See World Bank's Mot. for Rule 11 Sanctions, Ex. 1, Letter from P. Beauregard to J. Brooks, Mar. 18, 2003.)  Inversora moved for default judgment against the World Bank for failure to respond to the interrogatories and the motion was referred to the magistrate judge for determination. The World Bank filed a motion for sanctions, asserting that Inversora had not conducted the factual inquiry required by Rule 11, that the World Bank did not possess any accounts belonging to Holding, and that Inversora had no basis in fact for its writ of attachment and subsequent motion for default judgment.  The magistrate judge's report recommended that Inversora's motion for default judgment be denied.  Inversora

-3-

objected, and the World Bank responded in support of the recommendation.

DISCUSSION

I.   MOTION FOR DEFAULT JUDGMENT

A party's objection to a magistrate judge's report and recommendation triggers "a de novo determination of those portions of the magistrate judge's findings and recommendations to which objection is made."  LCvR 72.3(c); see also Fed. R. Civ. P. 72(b).

As an institution that has been designated by executive order as one protected by the International Organizations and Immunities Act ("IOIA"), the World Bank "is immune from suit and from every form of judicial process as is enjoyed by foreign governments, *except to the extent that such organizations may expressly waive their immunity* for the purpose of any proceedings or by the terms of any contract."  22 U.S.C. § 288a(b) (emphasis added).  The extent of the immunity intended by the phrase "as is enjoyed by foreign governments" is "absolute."  Atkinson v. Inter-Am. Dev. Bank, 156 F.3d 1335, 1341 (D.C. Cir. 1998) ("[W]e think . . . Congress' intent was to adopt that body of law only as it existed in 1945 -- when immunity of foreign sovereigns was absolute.").  However, section 3 of Article VII of the World Bank's Articles of Agreement constitutes a nonspecific waiver of IOIA's absolute immunity, which is restricted by section 1 of the

-4-

same article to those situations where waiver is "necessary to
enable the Bank to fulfill its functions."  Mendaro v. The World
Bank, 717 F.2d 610, 617 (D.C. Cir. 1983).  This waiver would
include situations where "insistence on immunity would actually
prevent or hinder the organization from conducting its
activities[,]" or "when the waiver would arguably enable the
organization to pursue more effectively its institutional goals."
Id.  There is no mandate to interpret the nonspecific waiver "in
a manner that would expose the Bank to potentially crippling
litigation but not appreciably advance the Bank's ability to
perform its functions."  Id. at 620.  Thus, only if immunity from
the attachment proceedings here would "actually prevent or hinder
the organization from conducting its activities," id. at 617,
would the section 3 limited nonspecific waiver apply in this
case.  "[T]he Bank's immunity should be construed as not waived
unless the particular type of suit would further the Bank's
objectives."  Atkinson, 156 F.3d at 1338 (emphasis in the
original).  Inversora has not demonstrated that waiver of
immunity as to these proceedings would further the World Bank's
objectives.  Accordingly, the World Bank enjoys immunity as to
these proceedings.

Inversora, however, argues that because the extent of the
nonspecific waiver is uncertain, it must be adjudicated on a
case-by-case basis, and that by asserting its immunity in a

letter rather than by way of interrogatory responses, the World
Bank forfeited its immunity.  Inversora contends that now default
judgment is mandated by operation of D.C. Code § 16-526(b), which
provides that

> [w]hen the garnishee has failed to answer the
> interrogatories served on him, or to appear and show
> cause why a judgment of condemnation should not be
> entered, judgment shall be entered against him for the
> whole amount of the plaintiff's claim, and costs, and
> execution may be had thereon.

Inversora's argument fails to appreciate the plain language
of Rule 69(a) that commands a court in a situation such as this
one to proceed "in accordance with the practice and procedure of
the [forum] state . . ., *except that any statute of the United
States governs to the extent it is applicable.*"  Fed. R. Civ.
P. 69(a) (emphasis added).  Thus, under Rule 69(a), the IOIA
governs to the extent it is applicable.  Because the World Bank
has not waived its IOIA immunity to these attachment proceedings,
the IOIA, not D.C. § 16-256(b), governs.  In addition,
Inversora's argument runs counter to this Circuit's strong
preference for decisions on the merits over default judgments.
See, e.g., Webb v. District of Columbia, 146 F.3d 964, 971 (D.C.
Cir. 1998) (noting that disposition on the merits is generally
favored over a default judgment); Whelan v. Abell, 48 F.3d 1247,
1258 (D.C. Cir. 1995) (acknowledging "the federal policy favoring
trial over default judgment"); Jackson v. Beech, 636 F.2d 831,
832 (D.C. Cir. 1980) (noting "strong policies favor the

-6-

resolution of genuine disputes on their merits" and reversing

district court's grant of default judgment); <u>Keegel v. Key West &</u>

<u>Caribbean Trading Co.</u>, 627 F.2d 372, 373 (D.C. Cir. 1980) (noting

that "modern federal procedure favor[s] trials on the merits").

Finally, Inversora has not shown that it would be prejudiced by

denying the default judgment.  Inversora has obtained what it

argues it was entitled to -- a demonstration in court that the

World Bank's IOIA immunity extends to these proceedings.  A

default judgment on this record -- because the World Bank sent a

letter asserting its immunity rather than responding with the

same information by way of objection to the interrogatories --

would elevate form over substance with a draconian result, a

result not supported in law.  Magistrate Judge Facciola's report

and recommendation make essentially these same points.

II.  MOTION FOR SANCTIONS

        The World Bank has moved for sanctions under Rule 11 of the

Federal Rules of Civil Procedure.  It argues that Inversora did

not conduct the simple factual inquiry required by Rule 11,

forcing the World Bank to expend resources to defend itself

unnecessarily.  It also argues that <u>Atkinson</u> is sufficiently

dispositive of the issues raised here that Inversora deserves to

be sanctioned for making arguments devoid of a legal basis.  The

World Bank seeks reimbursement for its litigation expenses.

-7-

Rule 11 expressly provides that a motion for sanctions must be served on the offending party but not "filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(1)(A).  Because the World Bank has given no indication that it followed these procedures, the motion will be denied.

<u>CONCLUSION AND ORDER</u>

Because the World Bank enjoys immunity from these attachment proceedings, Inversora's motion for default judgment will be denied.  Because there is no indication that the World Bank adhered to the procedures prescribed in Rule 11(c)(1)(A), its motion for sanctions filed under that provision will be denied. Accordingly, it is hereby

ORDERED that Inversora's motion [#5] for an extension of time to file a reply in support of its motion for default judgment be, and hereby is, GRANTED nunc pro tunc.  It is further

ORDERED that the World Bank's motion [#6] for an extension of time to file its opposition to Inversora's motion for judgment be, and hereby is, GRANTED nunc pro tunc.  It is further

ORDERED that the World Bank's motion [#11] for leave to file a surreply regarding Inversora's motion for judgment be, and

hereby is, GRANTED, and the submitted surreply be, and hereby is,
deemed filed nunc pro tunc.  It is further

ORDERED that Inversora's motion [#20] to late-file its
objections to the report and recommendation be, and hereby is,
GRANTED, and the submitted objections be, and hereby are, deemed
filed, nunc pro tunc.  It is further

ORDERED that Inversora's objections to the magistrate
judge's report and recommendation be, and hereby are, OVERRULED,
and that the magistrate judge's report and recommendation [#16]
be, and hereby is, ADOPTED.  It is further

ORDERED that Inversora's motion [#2] for default judgment
be, and hereby is, DENIED.  It is further

ORDERED that the World Bank's motion [#12] for sanctions be,
and hereby is, DENIED.

SIGNED this 22nd day of February, 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge